# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTHONY ROBINSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00205 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN OF LEE COUNTY U.S.P.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Anthony Robinson, Pro Se Petitioner.*

The petitioner, Anthony Robinson, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contending that his federal arrest and conviction are unconstitutional. After review of the record, I will summarily dismiss the petition.[1]

On April 25, 2013, after a lengthy jury trial in the United States District Court for the Eastern District of Missouri, Robinson was convicted of a RICO conspiracy, two counts of committing murder in aid of racketeering, attempt to commit murder in aid of racketeering, and evidence tampering. The court sentenced Robinson to consecutive terms of life in prison on each of the first three offenses, and 120 months and 240 months on the latter two offenses. *See United*

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

*States v. Robinson*, No. 4:11 CR 246 CDP, 2013 WL 1787571 (E.D. Mo. Apr. 24, 2013). Robinson's appeal was unsuccessful. *United States v. Henley*, 766 F.3d 893, 908 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 2065 (2015). Robinson also filed an equally unsuccessful motion pursuant to 28 U.S.C. § 2255. *Robinson v. United States*, No. 4:16 CV 533 CDP, 2017 WL 4517825 (E.D. Mo. Oct. 10, 2017), *certificate of appealability denied*, No. 17-3631, 2018 WL 2717788 (8th Cir. Apr. 23, 2018) (unpublished). Robinson is currently confined at the United States Penitentiary in Lee County, Virginia, located in this judicial district.

In his § 2241 petition, Robinson asserts that the district court in Missouri lacked federal jurisdiction over his crimes, because the government failed to prove that his motorcycle gang, Wheel of Souls, obstructed interstate commerce. He also contends that the government failed to present sufficient evidence on several of the counts against him and that the court's instructions to the jury were faulty. On these grounds, Robinson contends that he is challenging the validity of his detention, not the criminal judgment as imposed, and that he is entitled to habeas relief under § 2241.

A district court may not entertain a § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); *Swain v.*

*Pressley*, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Robinson cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Rather, his arguments in the § 2241 petition fall squarely in the category of claims that he could have raised in his § 2255 motion. The fact that such claims would now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize Robinson to raise them instead in a § 2241 petition through the narrow window of § 2255(e). *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion,") (citations omitted).

An even more stringent standard applies to § 2241 challenges to the legality of an inmate's sentence as imposed. *See United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). To bring such claims, the prisoner must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. Robinson fails to show that his sentence now constitutes "an error sufficiently grave to be deemed a fundamental defect" in light of particular, post-§ 2255 changes in substantive law that have been found to apply retroactively in a collateral proceeding. *Id.*

For the stated reasons, I conclude that Robinson's claims of trial court error and insufficiency of the evidence do not fall under the savings clause of § 2255(e) and thus cannot be addressed under § 2241. Accordingly, I will summarily dismiss his § 2241 petition without prejudice.

A separate Final Order will be entered herewith.

DATED: May 10, 2019

/s/ James P. Jones
United States District Judge